IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY SR.,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF THE ARMY, et al.,<br><br>    Defendants. | Case No.: C12-1476 JSC<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (Dkt. No. 3)** |

Plaintiff, proceeding pro se, filed this action challenging both his termination from the U.S. Army and the California National Guard and his treatment while enlisted.[1] (Dkt. No. 1.) He also filed an application to proceed *in forma pauperis*, which is GRANTED. (Dkt. No. 3.) However, under 28 U.S.C. §1915, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court also has an independent obligation to determine that it has subject

---

[1] Plaintiff consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 5.)

matter jurisdiction over an action. United States v. Moreno–Morillo, 334 F.3d 819, 830 (9th Cir. 2003).

Plaintiff previously brought contract, fraud, and tort claims against the U.S. Army National Guard in 2007 for "concealed orders" that caused him "undue hardship" and "required him to be unexpectedly away from his residence" in 2004 after he detrimentally relied on Defendant's "promise to return plaintiff to his place of residence on September 17, 2004, so that plaintiff could retrieve his medication." Case 08-0763 (PJH), Dkt. No. 27 at 2. Judge Hamilton dismissed this case for lack of subject matter jurisdiction. Id. Plaintiff proceeded to file additional cases against the United States military and Department of Veterans Affairs, all alleging related complaints from his military service and all of which were dismissed. See Cases 09-0358 (MHP), 10-0540 (PJH), and 11-6267 (YGR). In the most recent case, dismissed on January 20, 2012 for failure to file an amended complaint, Plaintiff alleged contract and negligence claims similar to those brought here. Case 11-6267 (YGR), Dkt. No. 6. After careful review, the Court dismisses Plaintiff's complaint without prejudice for failure to state a claim, lack of subject matter jurisdiction, and issue preclusion.

## DISCUSSION

Plaintiff appears to allege unlawful termination and breach of contract against the California National Guard and the U.S. Army for his discharge in 2006. (Dkt. No. 1.) He also makes tort and negligence claims stemming from an incident in 2004 when he purportedly was "kidnapped, tortured and held captive, [and] kept sedated and under the influence of complex medications prescribed by a U.S. Navy medical agent." (Dkt. No. 1 at 9.) Plaintiff seeks numerous damages, including payment of $53,000,000; reinstatement in the military with a rank of First Lieutenant and then Third Captain; and training in helicopter repair and air assault. (Dkt. No. 1 at 20-22.) All of the challenged conduct seems to be by members of the United States military against Plaintiff while Plaintiff himself was a member of the military. As such, these claims are "nonjusticiable insofar as consideration of the claim would involve the court in 'inherently military' concerns." Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997).

A.  <u>Failure to State a Claim</u>

A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation omitted).  Essentially, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).  Members of the armed services cannot "sue the Government for injuries that 'arise out of or are in the course of activity incident to service.'" <u>Bowen</u>, 125 F.3d at 803 (quoting <u>Feres v. United States</u>, 340 U.S. 135, 146 (1950)).  This "incident to service" standard includes incidents that occur during current military service or "within [an] existing military service obligation." <u>Jackson v. Tate</u>, 648 F.3d 729, 735 (9th Cir. 2011)(distinguishing between an order to recall a serviceperson—which falls under <u>Feres</u> since it implicates "military decisions, affairs, and discipline"—and an alleged forged signature to reenlist a serviceperson, which does not fall under <u>Feres</u> because a reenlistment decision is voluntary and outside an existing military obligation).  This immunity extends to "practically any suit that 'implicates the military judgment and decisions.'" <u>Persons v. U.S.</u>, 925 F.2d 292, 296 (9th Cir. 1991)(quoting <u>United States v. Johnson</u>, 481 U.S. 681, 691 (1987)).  Specifically, the military is immune to claims arising from discharge by the National Guard, negligence, breach of contract, and intentional torts.  <u>Bowen</u>, 125 F.3d at 804-806; <u>United States v. Shearer</u>, 473 U.S. 52, 58 (1985)(stating that "whether to discharge a serviceman" is a professional military judgment of the type contemplated in <u>Feres</u>).  Plaintiff's current complaint challenges conduct that occurred while he was a member of the armed forces and is "inherently military" in nature.  Consequently, Plaintiff does not state a claim for which relief can be granted since, pursuant to <u>Feres</u>, the military is not liable for the injuries Plaintiff alleges.  <u>See</u> Fed. R. Civ. P. 12(b)(6).

B.  <u>Subject Matter Jurisdiction</u>

While failure to state a claim analysis concerns the sufficiency of the complaint allegations, subject matter jurisdiction analysis examines whether this particular Court is the proper venue for those allegations.  Federal courts "possess only that power authorized by the

Constitution and statute." <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994).  Plaintiff bears the burden of establishing that this Court has subject matter jurisdiction.  <u>Id</u>.  Since sovereign immunity bars claims that fall under the <u>Feres</u> doctrine, this Court does not have subject matter jurisdiction over Plaintiff's claims as stated.  <u>Costo v. U.S.</u>, 248 F.3d 863, 865 (9th Cir. 2001).

### C.  Issue Preclusion

"The doctrine of issue preclusion prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." <u>Robi v. Five Platters, Inc.</u>, 838 F.2d 318, 322 (9th Cir. 1988)(quoting <u>Segal v. American Tel. & Tel. Co.</u>, 606 F.2d 842, 845 (9th Cir. 1979)).  Though Plaintiff's claims are difficult to decipher, it appears that he challenges conduct that was also the subject of Cases 08-0763 (PJH), 09-0358 (MHP), 10-0540 (PJH), and 11-6267 (YGR).  To the extent that Plaintiff's claims were previously litigated in one of these prior cases, he is precluded from bringing them again.

## CONCLUSION

For the reasons stated above, Plaintiff's complaint is DISMISSED without prejudice. Plaintiff may file an amended complaint by May 11, 2012 if he is able to allege 1) claims supported by specific conduct that is not "inherently military" in nature and 2) claims not already brought and decided in Plaintiff's previous cases in this district.  The Court notes that free legal services for veterans may be available at a number of organizations in the Bay Area, including Swords to Plowshares, located at 1060 Howard Street in San Francisco, (415) 252-4788, http://www.swords-to-plowshares.org/.

**IT IS SO ORDERED.**

Dated:  April 16, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE